UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANNY E. ROBINSON, JR.,

Plaintiff,

v.                                                    Case No. 26-CV-1060

DEPARTMENT OF CORRECTIONS,
RANDALL HEPP,
JANE DOE,
YARA PUSICH,
KYLE TRITT,
JACOB GRIPPENTROG,
ANDREA BLEEKER,
JEREMY STANIC, and
CO JOHN DOE,

Defendants.

## SCREENING ORDER

Plaintiff Danny E. Robinson, Jr., who is currently housed at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On June 12, 2026, Plaintiff paid the full filing fee for this action. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim

showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Plaintiff's complaint attempts to bring unrelated claims in a single case. As instructed by the Seventh Circuit, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Plaintiff asserts that the defendants retaliated against him in various ways between June 2023 and November 2025 after Plaintiff reported corruption and inmate abuse. Although Plaintiff may believe that all of his claims are related, the Court concludes that there are no significant questions of law or fact common to all of Plaintiff's purported claims or all of the defendants that would satisfy Rule 20. Instead, the claims involve different incidents that occurred on different days over the course of two years and appear to involve a different core set of defendants. Stated differently, the purported claims do not arise out of the same transaction or occurrence, nor do they share common questions of law or fact.

If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **July 17, 2026**, that contains only related claims and provides a simple, concise, and direct statement of those claims. Plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; and (4) what relief he wants the Court to provide. Plaintiff should set forth his allegations in short and plain statements in numbered paragraphs. Plaintiff does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did in violation of his rights. Plaintiff may pursue unrelated claims in different lawsuits, but he is reminded that he must pay the filing fee for every new lawsuit he files.

Moreover, as Plaintiff considers which claims to pursue, he is reminded that § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Further, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under § 1983, nor does § 1983 create

3

collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). This means that only the individual(s) who are allegedly responsible for a violation will be liable. A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). To be clear, a supervisor failing to discipline a subordinate for a completed act is not the same as a supervisor turning a blind eye to an ongoing act.

The Court will enclose a blank prisoner amended complaint form. Plaintiff must use the blank prisoner amended complaint form to file his amended complaint. *See* Civil L.R. 9 (E.D. Wis.) ("Prisoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court."). If Plaintiff believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a maximum of *five* pages.

Plaintiff is advised that the amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Plaintiff files an amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A. If he chooses not to file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that on or before **July 17, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

4

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on June 18, 2026.

> s/ *Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge